### PERRINE ads. EVANS.

1. An attachment may be used against a party doing business in this state, if his place of residence is in another state.
2. The term non-resident in the attachment act, means a person who has his abode out of this state.
3. Mere presence in the state is not residence in the state.

On case certified, &c.

This was a rule to show cause why an attachment should not be quashed, certified from the Hudson County Circuit.

The facts of the case were these : Perrine, the defendant in attachment, was in the possession of a planing and moulding mill in Jersey City, at which place he carried on his business. He was there daily, and remained there usually all day. His home was in New York, where his wife boarded. He usually passed his nights in New York. He had no home or lodging place in this state.

The attachment was levied on the mill and the property used with it.

Argued February Term, 1871.

For the motion, *M. T. Newbold.*

Contra, *C. H. Winfield.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The motion to quash in this case is founded on the idea that whenever the facts show that a summons can be served on the defendant, an attachment is not a proper proceeding.    The defendant in the present suit was at his place of business in this state almost continually, and there can be no doubt that he could have been brought into court by the service of a summons personally upon him. But his legal, as well as his actual place of abode, was in the city of New York, for it is not pretended that he had any place of abode in this state.    Upon these facts the question discussed in the briefs of counsel is, whether a defendant is a non-resident, within the purview of the attachment act, who is actually in this state at the time of the beginning of the proceeding.    The affidavits, however, do not lay any such basis of facts as this, for they do not show that this writ was issued while the defendant was, in person, within this jurisdiction.    For aught that appears, it may have been purchased at a time after his return to New York for the night.    As the intendment must be in favor of the legality of the proceedings until they are shown to be erroneous, it is obvious that the naked question whether a foreign attachment can be used against a non-resident who is actually present in the state at the time of the issuing of such writ, does not arise.    As the case is here made, the defence must rest on the much less plausible ground that such proceedings are not proper with respect to a non-resident who is in the habit of coming frequently into this state.    If this latter contention be sustainable, it is clear that there is no fixed standard applicable to this class of cases which can serve as a guide in practice. How long must the creditor wait for the non-resident to come into this state before he can resort to this remedy?    Must he wait a day, or a week, or a month?    It is obvious that the fact that the debtor has a place of business in this state is altogether aside from the inquiry, as a place of business is not, in any possible sense, a residence, and is a circumstance of no benefit to the creditor.    A mere possibility or prob-

ability of presence in the state at some future time cannot, it seems to me, be taken as a residence, and as this is all that the defendant in this case has made apparent to the court, there is nothing shown to invalidate these proceedings.

Nor do I think that if it had appeared that the defendant was actually present in this state when this writ was issued, that such circumstance would have altered the result. Mere presence in the state is not residence. The question is one of construction, and we are bound by the plain terms of the statute. The defendants in attachment are described in the act as "debtors who *reside* out of this state," and the plaintiff is required to swear that his debtor "is not, to his knowledge or belief, *resident*, at that time. in this state." The terms thus used are, in their present application, neither obscure nor ambiguous. The word resident, in none of its applications, is synonymous, under any circumstances, with the word present. A residence is always a place of abode; it never denotes simply the place where a man is, or happens to be. Whether residence is synonymous with domicil, or whether it means in this statute an abode of a permanent or of a temporary character, may fairly admit of debate, and in fact, this term in these relations has given rise to repeated decisions of this court. But to contend that to be in a state signifies the same thing as to reside in a state is to raise a quarrel with all usage and every lexicon. If there is any fixedness of meaning in words, the description in this statute of "debtors who reside out of this state," means debtors who have no abode in this state. In this connection the language used, as it seems to me, is indisputably clear, and the consequence is, that there is no room for judicial construction. It is not asserted that there is anything in the context that throws doubt over the signification of the expressions, so that, in this instance, if this court can rightfully substitute "present" for "resident" in the section in question, an assertion is implied that, practically, the judicial control over statutes is unlimited. In fine, these terms have a clear and settled meaning; received in that sense they lead to no absurd result; nor are

they inconsistent with any other parts of the act. Under these conditions I think the duty of the court is to interpret the language of the statute, and carry it into effect. Reading the act, then, according to its letter, there appears to be no escape from the result that a debtor, to be exempted from liability to this process, must have an abode of some kind in this state. Mere presence in the state is no bar to the use of such process.

None of the decisions heretofore rendered in this court are inconsistent with this view, and the general expressions used in the opinions in these cases are to be interpreted in the light of their connection with the facts, respectively, under advisement. In every instance in which the writ was quashed, it appeared that the defendant had an abode of some kind in this state. Such was the fact in *The City Bank* v. *Merrit*, 1 *Green* 131. Chief Justice Ewing, in his opinion in this case, says that the facts showed that a summons could have been served on the defendant " by leaving a copy at his dwelling-house or place of abode." And in *Brundred* v. *Del Hoyo, Spencer* 333, the very point of decision was that the defendant had an abode in this state of so permanent a character that a summons, by leaving a copy with his family, would have been legal. *Kugler* v. *Shreve*, 4 *Dutcher* 129, rests on the same foundation. The defendant, being a resident of this state, was about to move away; his legal domicil was here, and it was not pretended that he had an abode elsewhere. That a creditor need not wait for a non-resident debtor to come into the state, was decided in *The Hackettstown Bank* v. *Mitchell*, 4 *Dutcher* 516. The facts were, that the defendant had his residence in New York; his wife was boarding in this state, and he was in the habit of visiting her on Saturdays, returning the next week. The process of foreign attachment was pronounced to be appropriate. In both *Branson* v. *Shinn*, 1 *Green* 250, and *Clarke* v. *Likens*, 2 *Dutcher* 207, the writs were quashed, on the ground that the abodes of the defendants were in this state.

The decision in *The Phillipsburg Bank* v. *The Lackawanna*

*Railroad Company,* 3 *Dutcher* 206, stands in the same category. It was adjudged in that case that this railroad company, although recognized to a certain extent by the laws of this state, was a foreign corporation, and therefore, in that respect, liable to attachment as a non-resident. But it appearing that this company carried on business and had an office in this state, and that the secretary and general superintendent resided here, it was further held that these circumstances exempted them from liability to this process. This result was clearly correct on the rule as above stated. A corporation that does business in this state, and whose officers, upon whom process can be served at their homes, reside here, may be reasonably said to be a resident of this state. The situation of such a foreign corporation is merely similar to a person having an established abode in this state, whose legal domicil is elsewhere. In the case reported, process could at any time be served at the abode of the officers of the corporation resident here. The case goes no further than to lay down the correct doctrine that when a summons can be served at the dwelling-house, a foreign attachment cannot be sanctioned. This is precisely the same ground on which all the other cases rest.

These decisions are all results of a legitimate construction of the words of this law in their connection with the facts of the several cases. None of them give color to the solecism that to be present in this state means the same thing as to reside in this state. In my apprehension the legal meaning of the term non-resident in this clause is, a person who has not such an abode in this state that a summons can be served at it. I also think that if a person has his legal domicil here, and is present in this state, and has no usual abode elsewhere, this writ cannot be used against him.

It is not necessary for this court to consider whether persons in the situation of this defendant should not have an immunity against a liability to this writ, for that is a question for the legislature. It is certain, however, that the construction contended for by the defence would not confer any

Perrine ads. Evans.

real immunity, for if we could hold that presence was residence within the scope of this act, it is obvious that, by parity of reasoning, we would have to decide that absence was nonresidence, so that, as soon as the debtor left the state, the use of the writ during such interim of absence would become legitimate.   If, therefore, the meaning of the language was in doubt, which is not the case, the court would hardly strain after a construction which would lead, after all, to so lame and unsatisfactory a result.

The Circuit Court should be advised to let the proceedings stand.

CITED *in Leonard* v. *Stout,* 7 *Vr.* 372.